**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| CHARLES THOMAS SHARP, JR.                    )<br>                                                                        )<br>                             Movant,              )<br>             vs.                                              )     1:09-cv-883-SEB-TAB<br>                                                                        )<br>UNITED STATES OF AMERICA,          ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

     A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted). Because movant Charles Thomas Sharp has failed to make such a showing here, his motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** This conclusion is based on the following facts and circumstances:

     1.     Sharp was charged in No. IP 95-CR-44-01-B/F with being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1).

     2.     Sharp reached a plea agreement with the United States concerning the disposition of the charge. That plea agreement was submitted to and accepted by the court. Sharp was sentenced on August 29, 1995, to an executed term of 175 months. The sentence was to be served concurrently with the sentence imposed on Sharp in the Hendricks County, Indiana Superior Court No. 2, in No. 32 D02-9201-CR-23.

     3.     Sharp's state sentence expired on May 15, 1998, and he was then turned over to federal authorities to complete his federal sentence. On December 21, 2007, Sharp was released from his federal term of imprisonment via Good Conduct Time release. At this time, he began service of a period of supervised release. He then returned to state custody to serve the executed portion of his conviction for robbery. The robbery offense and conviction occurred while Sharp was on supervised release from the sentence imposed in this case. This new criminal conduct resulted in a charge filed on March 3, 2008, that Sharp had violated the terms of his supervised release.

4. On March 17, 2008, the United States Marshal for the Southern District of Indiana lodged a Detainer, based upon a violation of probation and/or supervised release, with Sharp's custodian at the Clinton County, Indiana Jail. A Superseding Detainer was lodged by the Marshal with the Indiana Department of Correction on August 6, 2009.

5. "A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *Carchman v. Nash,* 473 U.S. 716, 719 (1985).

6. One of Sharp's claims in his § 2255 motion is that he was entitled to the prompt resolution of the arrest warrant which is the basis of the Marshal's Detainer and Superseding Detainer and that, because no such disposition was achieved, the court has "lost" jurisdiction to continue or revoke the period of supervised release. This position is flawed.

   a. Due process requires that a person accused of violating parole or probation receive a revocation hearing "within a reasonable time after [the person] is taken into custody." *Morrissey v. Brewer,* 408 U.S. 471, 488 (1972).

   b. Sharp's position concerning the Detainer and the Superseding Detainer shows that he has misidentified the extent of his rights under *Morrissey.* In *Moody v. Daggett,* 429 U.S. 78 (1976), the Supreme Court held that the hearing mandated by *Morrissey* is required only after the person charged with violating parole is taken into custody for the parole violation, and that the issuance of a warrant and the lodging of a detainer, while the person is incarcerated elsewhere for a separate crime, do not constitute being taken into custody. *See id.* at 86-87. Rather, it is the execution of the warrant, after termination of the intervening sentence, that takes the person into custody for the parole violation and triggers the obligation for a *Morrissey* hearing. *See id.* at 89.

   c. Thus, Sharp is not yet in custody pursuant to the supervised release violation warrant issued in March 2008 and he has no entitlement to the resolution of that alleged violation until the warrant is served on him. This claim, therefore, is rejected.

7. Sharp also seeks relief under § 2255 based on his contention that his sentence was improperly enhanced. There was no direct appeal taken from the disposition in this case, and hence no question concerning the computation of Sharp's sentence was presented on appeal. This presents a hurdle for Sharp in presenting the challenge now. "An issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* for the failure to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Sharp has not suggested, nor does the court discern a basis for him to do so, that there are circumstances permitting him to overcome the consequences of his procedural default. Accordingly, the court does not reach the merits of his claim that his sentence was improperly enhanced.

8. For the reasons explained above, Sharp is not entitled to relief in this action. He has failed to demonstrate a constitutional violation warranting collateral relief. Accordingly, his motion for relief pursuant to § 2255 is denied, and this action must be dismissed with prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/01/2009

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana